

**SO ORDERED.**

**SIGNED this 20 day of March, 2020.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **BRANDON CARR REVELS** | **CASE NO. 19-01583-5-SWH** |
| **TERESA S REVELS** | **CHAPTER 13** |

DEBTORS

### ORDER DENYING CONFIRMATION OF PLAN

The matter before the court is the chapter 13 trustee's Third Objection to Confirmation of Plan filed on September 25, 2019, Dkt. 31. A hearing was held on October 8, 2019 in Raleigh, North Carolina. At the conclusion of the hearing, the court took the matter under advisement. The court allowed the parties to file post-hearing briefs, which the debtors did on October 22, 2019, Dkt. 35. This matter is now ripe for determination.

### PROCEDURAL BACKGROUND

Brandon Carr Revels and Teresa S. Revels (collectively, the "debtors") filed a voluntary petition under chapter 13 of the Bankruptcy Code on April 8, 2019. The debtors filed a Chapter 13 Plan on April 24, 2019, Dkt. 16. On June 3, 2019, the chapter 13 trustee filed an Objection to

Confirmation of Chapter 13 Plan, Dkt. 20 ("First Objection to Confirmation"). The hearing on the First Objection to Confirmation was continued several times.

On September 9, 2019, the debtors filed an Amended Chapter 13 Plan, Dkt. 26 ("First Amended Plan"). The chapter 13 trustee filed another Objection to Confirmation of Chapter 13 Plan on September 10, 2019, Dkt. 27 ("Second Objection to Confirmation"). The trustee objected to confirmation on the bases that the debtors had failed to file all applicable tax returns and that the plan was infeasible.

A hearing on the Second Objection to Confirmation was held on September 24, 2019. At that hearing, the debtors and the chapter 13 trustee informed the court that another amended plan would be filed later that day resolving the trustee's objection. The parties represented to the court that because the plan modification would not be detrimental to creditors, there was no reason to notice the creditors again or to have another confirmation hearing. Instead, the parties recommended to the court that once the amended plan was filed, the trustee would make an entry on the docket recommending confirmation of the plan. Then, the amended plan could be confirmed without another hearing. At the conclusion of the hearing, the court confirmed the plan only subject to an amended plan being filed later that day and a recommendation of confirmation being made by trustee.

After the hearing, the debtors filed an Amended Chapter 13 Plan, Dkt. 30 ("Second Amended Plan"), but instead of filing a recommendation of confirmation, the trustee filed a new Objection to Confirmation of Chapter 13 Plan, Dkt. 31 ("Third Objection to Confirmation"). In the Third Objection to Confirmation, the trustee objected to certain non-standard language included in the Second Amended Plan. A hearing was held on the Third Objection to Confirmation on October 8, 2019.

At the hearing on October 8, 2019, two issues were raised:  whether the trustee's Third Objection to Confirmation was timely; and, whether the Second Amended Plan could be confirmed with the inclusion of the nonstandard language.

## DISCUSSION

A. <u>Timeliness of the Chapter 13 Trustee's Third Objection to Confirmation</u>

The court will first address the procedural issue.  The debtors assert that the Third Objection to Confirmation is untimely.  The Second Amended Plan contained the same nonstandard provisions as were included in the First Amended Plan.  The chapter 13 trustee did not object to the nonstandard language in the First Amended Plan.  Yet, when the Second Amended Plan was filed, instead of the trustee making a docket entry recommending confirmation as discussed at the hearing on September 24, 2019, the trustee filed the Third Objection to Confirmation.  The Third Objection to Confirmation was the first time that the trustee objected to the identical nonstandard plan provisions.  The debtors argue that the trustee missed his opportunity to object to the Second Amended Plan on the basis that the nonstandard language was included.

Under Bankruptcy Rule 3015(f), an objection to confirmation must be filed at least seven days before the date set for the hearing on confirmation, unless the court orders otherwise.  Fed. R. Bankr. P. 3015(f).  "If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."  *Id.*  A court shall confirm a plan if the plan complies with the provisions of chapter 13 and the Bankruptcy Code.  11 U.S.C. § 1325(a)(1) (2018).  A bankruptcy court has an independent duty to ensure that a plan complies with the Bankruptcy Code, even if no objections

are filed. *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010); *see also In re Madera*, 445 B.R. 509, 513 (Bankr. D.S.C. 2011).

In this instance, the confirmation procedure was expedited only in an attempt to efficiently confirm the debtors' plan. The court conditioned confirmation upon the filing of a docket entry by the trustee recommending confirmation. When the trustee failed to make a docket entry endorsing the Second Amended Plan, the hearing on confirmation was essentially continued. The plan has not yet been confirmed, and the Third Objection to Confirmation was filed after the Second Amended Plan was filed and more than seven days before the confirmation hearing on October 8, 2019.

Notwithstanding the fact that the trustee should have objected to the nonstandard provisions in the trustee's Second Objection to Confirmation, the newly raised objections in the Third Objection to Confirmation must be considered by the court. The court has a duty to make an independent determination that the Second Amended Plan complies with the Bankruptcy Code, regardless of whether any objections were filed. Therefore, the court finds that it is not only appropriate to address the basis of the trustee's Third Objection to Confirmation, but that it is in fact required to do so to ensure that the Second Amended Plan complies with the confirmation standards set out in the Bankruptcy Code.

B. The Nonstandard Plan Provisions

The issue underlying the trustee's Third Objection to Confirmation is whether the Second Amended Plan should be confirmed when the plan includes a nonstandard provision providing that Bankruptcy Rule 9019[1] does not require the debtors to file a motion to effectuate the settlement of a claim and that the debtors have no disclosure requirement regarding the settlement.

---

[1] "Bankruptcy Rule 9019" and "Rule 9019" are used interchangeably throughout this opinion to refer to Federal Rule of Bankruptcy Procedure 9019.

The female debtor, Mrs. Revels, holds a cause of action against Medical Mutual Insurance for, among other things, lost wages, emotional distress, and wrongful termination. Mrs. Revels seeks to settle this cause of action. The debtors represented to the court that as a result of the negotiated settlement, Mrs. Revels will be able to pay 102.5% of the claims in her case.[2] The debtors maintain that Mrs. Revels has exclusive authority to prosecute the cause of action against Medical Mutual Insurance and that that they are not required to file a motion to approve settlement or disclose any terms relating to the settlement.

The chapter 13 trustee objects to confirmation of the Second Amended Plan on the basis that inclusion of certain nonstandard language in the plan is inconsistent with the good faith requirement of 11 U.S.C. § 1325(a)(3). Specifically, the trustee objects to the last two paragraphs included in Part 8.1 of the Second Amended Plan which state the following:

> The female Debtor has exclusive authority to prosecute the cause of action against Medical Mutual Insurance for lost wages, emotional distress, wrongful termination, etc. The Debtors will not file a Bankruptcy Rule 9019 Motion as it relates to any compromise of this cause of action. The Debtors shall have no obligation to disclose to the court or trustee the terms of any compromise of the cause of action or the outcome of any trial. The trustee lacks any role, capacity and/or authority as it relates to the female Debtor's cause of action against Medical Mutual Insurance. The trustee is prohibited from filing a Motion pursuant to Bankruptcy Rule 9019 as it relates to any compromise of the cause of action.

> The trustee shall affirmatively communicate to the attorneys and other participants in the cause of action with Medical Mutual Insurance that he lacks any role, capacity and/or authority with regards to this cause of action and he should not be consulted to with regards to this matter. The trustee will explicitly inform the attorneys representing the female Debtor and Medical Mutual Insurance that he was completely incorrect when he opined on September 3, 2019 that he was to be apprised of an participate in the negotiation of any proposed settlement and that the female Debtor was not permitted to enter into any agreement or compromise any claim until the bankruptcy court had approved such a compromise.

---

[2] The court notes that this is a joint filing and although the female debtor has represented that 102.5% of the claims asserted will be paid with the settlement, it is unclear whether both the joint and her individual debts are included in that calculation, or just her individual debts.

5

Second Amended Plan, Part 8.1.[3]

The debtors argue that the nonstandard provision contained in the Second Amended Plan is consistent with applicable law.  Under the debtors' view, the role of the chapter 13 trustee does not include filing motions to approve settlements on causes of actions controlled by the debtors.  Thus, the debtors take the position that they proposed the Second Amended Plan in good faith and request that the court confirm the plan.

Section 1325 of the Bankruptcy Code sets out the requirements for confirmation of a chapter 13 plan.  11 U.S.C. § 1325 (2018).  A court shall confirm a plan if it meets the requirements of section 1325 and complies with the provisions of chapter 13 and with other applicable provisions of the Bankruptcy Code.  11 U.S.C. § 1325(a)(1); *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017).  Among other requirements, a chapter 13 plan must be proposed in good faith and must comply with the plan content requirements as set forth in section 1322.  11 U.S.C. §§ 1322, 1325(a)(3); *LVNV Funding, LLC v. Harling*, 852 F.3d at 371.  A chapter 13 plan may include "any other appropriate provision not inconsistent with [the Bankruptcy Code]."  11 U.S.C. § 1322(b)(11).

This court has recently determined that nonstandard plan provisions must be related to the debtor's specific financial circumstances to be an "appropriate provision" and that restating or paraphrasing the law is unnecessary and inappropriate.  *In re Mank*, No. 19-04199-5-SWH (Bankr. E.D.N.C. Mar. 10, 2020).  A nonstandard provision must not only be appropriate, but also must comply and be "not inconsistent" with the Bankruptcy Code.  11 U.S.C. §§ 1322(b)(11), 1325(a)(1).

---

[3] The Second Amended Plan includes other nonstandard provisions to which the trustee did not object.  The first nonstandard sentence states the following: "Unless provided for in 3.1 or 3.2, all pre-petition secured debt arrears shall be paid directly."  Second Amended Plan, Part 8.1.  For the reasons set out in *Sherrell*, the court cannot confirm the plan with this provision.  *In re Sherrell*, No. 19-05254-5-SWH (Bankr. E.D.N.C. Mar. 13, 2020).

The first nonstandard paragraph deals with the female debtor's right to prosecute and settle her action, the applicability of Rule 9019, and the propriety of involvement by the court, trustee, or any other party in interest. In that respect, it is appropriate. However, parts of the first paragraph are inconsistent with the Code.

The first sentence of the nonstandard paragraph states that the female debtor has exclusive authority to prosecute this cause of action. A chapter 13 debtor assumes "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l)" of the Bankruptcy Code. 11 U.S.C. § 1303. Under section 363(b), the debtor "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The bankruptcy estate may include certain causes of action that arose pre-petition. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013) (citing *Wissman v. Pittsburgh Nat'l Bank,* 942 F.2d 867, 869 (4th Cir. 1991)). Thus, implicit within the chapter 13 debtor's exclusive authority to use property of the estate is the power of the debtor to maintain a cause of action that is part of the bankruptcy estate. *Id.* at 344. Accordingly, the statement that the female debtor has exclusive authority to prosecute this cause of action is consistent with the Bankruptcy Code.

The second sentence of the nonstandard paragraph states that the debtors will not file a motion pursuant to Bankruptcy Rule 9019. Rule 9019 provides the following: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019. Rule 9019 applies to all cases under the Bankruptcy Code, including chapter 13 cases. *See* Fed. R. Bankr. P. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United

States Code.").  Rule 9019 authorizes a "trustee" to seek a court order approving a compromise or settlement.  *Id.*

In a chapter 11 case the term "trustee" includes a debtor in possession.  Fed. R. Bankr. P. 9001(11).  Subject to certain limitations, a chapter 11 debtor in possession has the rights and powers of a trustee and performs the functions and duties of a trustee.  11 U.S.C. § 1107(a).  Thus, in addition to a trustee, a chapter 11 debtor in possession can, and may even be required to, file a motion to approve compromise or settlement under Rule 9019.  *See Smart World Techs., LLC v. Juno Online Servs. (In re Smart World Techs., LLC)*, 423 F.3d 166, 174 (2d Cir. 2005).  Notably, however, the definition of a "trustee" does not include a "debtor" in a chapter 13 case.  The plain language of Rule 9019 does not require a chapter 13 debtor to file a motion to approve compromise or settlement.

A chapter 13 debtor does not have the same duties as a chapter 11 debtor in possession. The language of section 1107 is different from that of section 1303.  *Compare* 11 U.S.C. § 1107, *with* 11 U.S.C. § 1303.  Section 1107, in addition to giving a debtor in possession certain rights and powers of a trustee, requires the debtor in possession to perform functions and duties of a trustee; whereas section 1303 gives a debtor certain rights and powers of a trustee but does not include the requirement that a debtor perform all the functions and duties of a trustee.  11 U.S.C. §§ 1107, 1303.  A chapter 13 debtor does not have the duty to file a motion to approve compromise or settlement under Rule 9019.

Case law applying Bankruptcy Rule 9019 to chapter 13 cases is sparse.  The court is not aware of another reported case where a chapter 13 debtor was required to file a motion to approve compromise.  Most of the cases construing the language of Rule 9019 instead address the issue of whether it is mandatory for a trustee or a debtor in possession to file a motion to approve

compromise or settlement for the settlement to be effective.  *Compare Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1024 (8th Cir. 2010) (holding that a bankruptcy court must approve a compromise or settlement in a chapter 11 case for a compromise or settlement to be effective), *and Salim v. Nisselson (In re Big Apple Volkswagen, LLC)*, 571 B.R. 43, 54 (S.D.N.Y. 2017) (holding that a compromise or settlement is only effective if the bankruptcy court has approved it), *with In re Novak*, 383 B.R. 660, 675 (Bankr. W.D. Mich. 2008) (holding that in a chapter 7 case the settlement approval process referenced in Rule 9019 is discretionary, not mandatory).  We never reach the question of whether filing a motion to approve compromise or settlement is permissive or mandatory for trustees in this case because the settlement of the cause of action is controlled by the chapter 13 debtor.

The trustee proposes that a debtor should notify the trustee that a settlement had been reached.  Then, the trustee could file a motion to approve compromise or settlement on behalf of the debtor, not as part of the trustee's oversight, but to aid the debtor in getting court approval of the settlement.  Such a procedure could lead to an absurd result.  A situation could arise where the trustee disagrees with the proposed settlement, and in turn, the trustee would end up objecting to the motion to approve compromise or settlement that the trustee itself filed.  This cannot be the procedure contemplated by Rule 9019.

Although the court can see reasons why a debtor would want court approval of a settlement, on its face, Rule 9019 does not require a chapter 13 debtor to file a motion to approve compromise or settlement.[4]  The court has carefully considered the impact of determining that Rule 9019 does not require a chapter 13 debtor to obtain court approval of settlements or compromises.  Other protections exist, besides court approval of a settlement or compromise, that give parties in interest

---

[4] Nor though does Rule 9019 preclude a chapter 13 debtor from filing a motion to approve compromise or settlement if the debtor desires court approval.

oversight over estate assets such as this cause of action.  One protection is that the debtor is required to schedule all assets, under oath, which includes claims against third parties.  In this case, the debtors scheduled the claim against Medical Mutual Insurance at an estimated amount of $300,000.  Once the claim is scheduled, the trustee has the duty to investigate this claim.  *See* 11 U.S.C. §§ 704(a), 1302(b)(1).  The trustee has the opportunity at the 341 meeting of creditors to ask the debtor questions that would reveal whether the claim is exempt or whether the claim was accurately valued.

Additionally, a debtor's chapter 13 plan must satisfy the liquidation test to be confirmed.  *See* 11 U.S.C. § 1325(a)(4).  The debtor has every incentive to maximize the settlement of a claim against a third party to at least be able to make the payments required by the liquidation test.  If a debtor settles a cause of action after confirmation of the plan, the debtor must continue to make the proposed payments under the plan or seek modification of the plan if warranted.  Otherwise, the debtor's case is subject to dismissal without the debtor obtaining a discharge.  *See* 11 U.S.C. § 1307(c).  Therefore, the statement that the debtors will not file a motion under Rule 9019 is not inconsistent with the Bankruptcy Code.

The next two sentences of the first paragraph are an attempt to limit supervision, oversight, and notice with regard to the claim or its settlement.  They provide that the debtors have no obligation to disclose to the court or trustee the terms of any compromise or the outcome of any trial and that the trustee lacks any role in the pursuit of this cause of action.  This part of the paragraph is inconsistent with the Code, and the court will not confirm the plan while it contains these statements.

Even though a chapter 13 debtor is not required to file a motion to approve settlement or compromise under Rule 9019, the debtor still has a duty to disclose assets, including the settlement

of claims against third parties. Good faith is a requirement for a plan to be confirmed, and although not specifically listed in section 1307(c), bad faith is "cause" for dismissal. 11 U.S.C. §§ 1307(c), 1325(a)(3); *Marrama v. Citizens Bank*, 549 U.S. 365, 373 (2007). As the Fourth Circuit has stated, "[h]onesty and disclosure are essential to achieve the fundamental bankruptcy policy of equitable distribution among creditors." *Kestell v. Kestell (In re Kestell),* 99 F.3d 146, 150 (4th Cir. 1996).

Additionally, the initial order entered in chapter 13 cases in this district specifically states that the debtor has a continuing obligation throughout the pendency of the case to notify the trustee of any "substantial changes" in financial circumstances. *See* Order and Notice to Debtor ¶ 4, Dkt. 9. Certainly, if the female debtor settled the cause of action for a substantially different amount than the value at which the debtors scheduled the claim, the debtors have an ongoing duty to disclose this change in financial circumstances to the trustee. The court has concerns about debtors having full discretion over determining what differential would be considered a "substantial change." One debtor may believe that $2,000 is a "substantial change" when another debtor may believe that even a $200,000 change is not substantial enough to report to the trustee. An objective check on settlements must exist to ensure that chapter 13 trustees have full disclosure of estate assets. If a claim is settled for an amount substantially different than what was scheduled, upon motion of the debtor, the trustee, or the holder of an allowed unsecured claim, the chapter 13 plan could be modified. 11 U.S.C. § 1329.

Perhaps more importantly, the petition listed a cause of action that had not at that time been reduced to judgment or settled. The court believes that the act of settling a claim, itself, equates to a "substantial change" in the financial circumstances of the debtor that would warrant disclosure to the trustee, even if the amount of the settlement is not substantially different than the amount scheduled. At the time that the debtors scheduled this claim, a settlement had not been reached

yet.  The claim against Medical Mutual Insurance was merely an inchoate claim which had not yet ripened into a finite settlement.  Once the claim is settled, it transforms from an estimated claim into an actual settlement with a definite amount.  The settling of a claim is a substantial change in financial circumstances which requires disclosure to the trustee.

Finally, a statement that the debtors have no obligation to disclose a settlement is inconsistent with section 363(b).  11 U.S.C. § 363(b).  As previously discussed, the debtor here is granted an exclusive right to pursue her claim pursuant to section 1303 which gives a chapter 13 debtor the rights and powers of a trustee under section 363(b).[5]  11 U.S.C. § 1303.  Under section 363(b), a chapter 13 debtor "after notice and hearing" may use property of the estate, other than in the ordinary course of business.  *Id.*  Settling this cause of action is certainly not in the debtors' ordinary course of business.  Therefore, the debtors must provide notice and an opportunity for a hearing relating to the settlement.

The last sentence of the first paragraph of the nonstandard provisions provides that the trustee is prohibited from filing a Rule 9019 motion regarding the settlement of the cause of action. This sentence is unnecessary in light of the court's recognition of the debtor's exclusive right ot prosecute the cause of action.

Although the debtors are not required to file a motion to approve settlement or compromise relating to the female debtor's claim against Medical Mutual Insurance, the portion of the nonstandard provision which states that the debtors have no obligation to disclose to the trustee or the court the terms of any compromise or the outcome of any trial is inconsistent with the Bankruptcy Code.  Accordingly, the court finds that the first two sentences of the first nonstandard paragraph are appropriate and not inconsistent with the Code, but the last three sentences of the

---

[5] The court assumes that the debtor is relying on section 363(b) because the other sections which would support the grant of exclusive rights and powers to the chapter 13 debtor, set forth in section 1303, are inapplicable.

12

first paragraph are either unnecessary or inconsistent with the initial order of this court and the Bankruptcy Code.  *See* 11 U.S.C. § 1322(b)(11).  The Second Amended Plan cannot be confirmed while it contains these sentences.

Last, the court must address the final nonstandard paragraph included in the Second Amended Plan.  The last paragraph directs the trustee to affirmatively communicate with Medical Mutual Insurance that he lacks any role regarding the cause of action and that he was incorrect in his previous statements.  This paragraph is wholly unacceptable, demeaning, retributory, and has no place in a chapter 13 plan.  The court refuses to allow the debtors to admonish the trustee through nonstandard language in a chapter 13 plan.  This provision is not appropriate.  *See* 11 U.S.C. § 1322(b)(11).  The court will not confirm the Amended Plan while it contains this provision.

**THEREFORE, IT IS ORDERED** that confirmation of the Second Amended Plan is **DENIED.**  The debtors shall have **14 days** to modify the plan.

**END OF DOCUMENT**